IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS H. FUTCH,<br><br>    Plaintiff,<br><br>vs.<br><br>A & N INVESTMENT, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>FILE No. _____ |

## COMPLAINT

COMES NOW, THOMAS H. FUTCH, by and through the undersigned counsel, and files this, his Complaint against Defendant A & N INVESTMENT, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff THOMAS H. FUTCH (hereinafter "Plaintiff") is, and has

been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant A & N INVESTMENT, LLC (hereinafter "Defendant") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

7. Defendant may be properly served with process via its registered agent for service, to wit: Shelley Anthony, 105 McIntosh Crossing, Fayetteville, Georgia 30214.

## FACTUAL ALLEGATIONS

8. On or about January 24, 2019, Plaintiff was a customer at "Wings House" and "This Is It! BBQ & Seafood," businesses located at 4065 Memorial Drive, Decatur, Georgia 30032.

9. Defendant is the owner or co-owner of the real property and improvements that are the subject of this action. (The two contiguous structures and improvements situated upon said real property shall be referenced herein as the

"East Facility" and "West Facility" (together, the "Facilities") and said real property shall be referenced herein as the "Property.").

10. Plaintiff lives in the near vicinity of the Facilities and Property.

11. Plaintiff's access to the businesses located at 4065 Memorial Drive, Decatur, Georgia 30032, DeKalb County Property Appraiser's parcel number 15 231 06 001, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

12. Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

13. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

14. Plaintiff travelled to the Facilities and Property as a customer, encountered the barriers to access at the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to

access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

15. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

16. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

17. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

18. The Facilities are each a public accommodation and service establishment.

19. The Property is a public accommodation and service establishment.

20. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

21. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

22. The Facilities must be, but are not, in compliance with the ADA and ADAAG.

23. The Property must be, but is not, in compliance with the ADA and ADAAG.

24. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

25. Plaintiff intends to visit the Facilities and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA

violations more specifically set forth in this Complaint.

26. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

27. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

28. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i) The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facilities, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii) The accessible parking space on the Property most proximate to Unit C2 of the East Facility does not have properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(iii) The signage corresponding to the above-described accessible parking space on the Property most proximate to Unit C2 of the East Facility is not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(iv) The above-described accessible parking space on the Property most proximate to Unit C2 of the East Facility is not level due to the presence of a ramp within the boundaries of the accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(v) The above-described ramp on the Property most proximate to Unit C2 of the East Facility has a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards.

(vi) The above-described ramp on the Property most proximate to Unit C2 of the East Facility also lacks finished edges or edge

protection, in violation of section 405.9 of the 2010 ADAAG standards.

(vii) There is a vertical rise of approximately 4" (four inches) along the accessible route connecting the East Facility and the West Facility, requiring that disabled individuals travel in the vehicular way to access each other, in violation of section 303.2 of the 2010 ADAAG standards. As such, The Property lacks an accessible route connecting separate structures and improvements as required by section 206.2.2 of the 2010 ADAAG standards.

(viii) The accessible parking space on the Property most proximate to Unit E of the West Facility does not have properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(ix) The accessible parking space on the Property most proximate to Unit E of the West Facility is not level due to the presence of a ramp within the boundaries of the accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(x) The above-described ramp on the Property most proximate to Unit E of the West Facility has a slope exceeding 1:10 in violation of section 405.2 of the 2010 ADAAG standards.

(xi) The walking surfaces of the accessible route between Units E and F of the West Facility have excessive slope, in violation of section 403.3 of the 2010 ADAAG standards.

(xii) The accessible route between Units E and F have a rise greater than 6 inches but does not have handrails on both sides of such route, in violation of sections 405.8 and 505 of the 2010 ADAAG standards.

(xiii) The accessible parking space on the Property most proximate to Unit G of the West Facility does not have an identification sign, in violation of section 502.6 of the 2010 ADAAG standards.

(xiv) The accessible parking space on the Property most proximate to Unit G of the West Facility does not have properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(xv) The accessible parking space on the Property most proximate to Unit G of the West Facility is not level due to the presence of a

ramp within the boundaries of said accessible parking space, in violation of section 502.4 of the 2010 ADAAG standards.

(xvi) The interior of the Unit A portion of the East Facility has a sales and services counter lacking any portion of which that has a maximum height of 36 (thirty-six) inches from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(xvii) The interior of the Unit A portion of the East Facility lacks at least 5% of the dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

**(b)   RESTROOMS:**

(i)   The restroom in the Unit A portion of the East Facility lacks proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(ii)   The hand operated flush control on the commode in the restroom in the Unit A portion of the East Facility is not located

on the open side of the accessible stall, in violation of section 604.6 of the 2010 ADAAG standards.

(iii) The sink in the restroom in the Unit A portion of the East Facility has exposed pipes and surfaces that are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

(iv) The mirror in the restroom in the Unit A portion of the East Facility exceeds the maximum permissible height set forth in section 603.3 of the 2010 ADAAG standards.

29. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

30. Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

31. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

32. All of the violations alleged herein are readily achievable to modify

to bring the Facilities and Property into compliance with the ADA.

33. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

35. Upon information and good faith belief, the Facilities and Property have been altered since 2010.

36. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

37. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

38. Plaintiff's requested relief serves the public interest.

39. The benefit to Plaintiff and the public of the relief outweighs any

resulting detriment to Defendant.

40. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

41. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 6, 2019.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich